Spring  Term
1839.

# Muir *et al, vs.* The Louisville and Port-land Canal Company.

ASSUMPSIT.

[Mr. Pirtle and Mr. Duncan for the appellants: Mr. Guthrie for appellee.]

FROM THE CIRCUIT COURT FOR JEFFERSON COUNTY.

Judge EWING delivered the Opinion of the Court.

*May* 9.

THE plaintiffs brought assumpsit against the Louisville and Portland Canal Company—averring that the company, for a reasonable reward to be paid, undertook and faithfully promised the plaintiffs, that they would, in reasonable time, pass their boat through the canal, but did not nor would not pass their boat through the canal in reasonable time; but, in violation of their promise, permitted her to be detained, and she was detained, for an unreasonable length of time: to wit, for the period of one month, to the damage of the plaintiffs two thousand dollars.

The defendants demurred to the declaration, which was joined, and the demurrer sustained; and the only question is, was the declaration good?

Though no direct power is conferred by the charter upon the company to make contracts for the passage of boats through the canal, such power was certainly within the contemplation of their charter, and necessarily incidental to the powers granted. They may open a canal around the falls, " with suitable locks, docks and basins," and demand tolls " for the passage of vessels, boats, barges or other craft " through said canal. From which it must be implied that, they were to have the management of the canal, and to superintend the passage of boats &c. through. If só, it was competent for the company to undertake for the passage of boats through, or to superintend their passage through in reasonable time. And if they failed in their undertaking, they would be liable in the same manner, and to the same extent, that a natural person would be.

*The right to make contracts or agreements for the passage of boats &c. through the Louisville and Portland canal, is a necessary incident to the pow ers specifically granted to the corporation to which the canal belongs; and for any failure to perform a contract or undertaking of that sort, the cor porationis liable, in the same man ner, and to the same extent,that a natural person would be.*

*When a boat is induced by the co. to enter the canal, in the expectation that, for a fair compensation,it shall have a passage thro', the law im plies an agreement on the part of the corpora tion, that the boat shall get through in a reasonable time.*

*That the co. a greed for 'a rea sonable reward,' that a boat should pass &c. is a suf ficient averment of consideration. A 'reasonable re ward' is, prima facie, the legal*

tolls. But if they contract for more—tho' they may not be able to enforce the contract—they will not, therefore, be exempt from liability for a breach of their agreement.

Spring Term
1839.

Muir et al.
vs
Canal Co.

same extent, as other natural persons would be liable for a breach of their undertaking.

Powers and privileges are conferred upon them by the charter, the object of which was to provide a way for the safe and speedy passage of boats around the falls. This was their business, and for that business they are permitted to charge tolls, and they surely must be deemed competent to contract about the business of their creation. Nor does it matter, that the consideration of their undertaking is charged to be " a reasonable reward." It cannot be implied that the " reasonable reward " intended was a greater or less sum, than the tolls which they had a right to charge; and if it was, and they could not enforce it, it does not follow that that will release them from the obligation of their undertaking. They may be bound, though they may not be able, upon their contract, to enforce the payment of a larger reward than that which the law prescribes.

Again: the passage of boats being their business, and it being their duty to superintend their passage, if they, by their agents, induce a boat to enter the canal, with a view to a passage, the law, in consideration of the reward or tolls which are allowed them, will imply a promise to let the boat through in reasonable time. And if by neglect or other failure of duty on their part, the boat is detained, to the injury of its owner, they are liable for a breach of their implied promise, and may be made responsible, like natural persons, who may have undertaken a duty and failed in its performance, either by action of assumpsit, or action on the case for negligence.

It is, therefore, the opinion of the Court, that the judgment of the Circuit Court be reversed, and cause remanded, that the demurrer be overruled, and further proceedings had.